Robert Rowlett, SBN 176611
ROWLETT LAW FIRM
26933 Camino De Estrella, 2nd Floor
Dana Point, California 92624
Telephone: (949) 481-3000
Facsimile: (949) 481-3999
browlett@rlflawfirm.com

Attorneys for Defendant
ICRCO, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| KONICA MINOLTA, INC.<br><br>        Plaintiff,<br><br>    v.<br><br>ICR COMPANY d/b/a ICRCO, INC.,<br><br>        Defendant. | Case No.: 2:15-CV09881-RSWL (MRWX)<br><br>Judge: Hon. Ronald S.W. Lew<br>Courtroom: 21<br><br>**DEFENDANT ICRCO, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO THE COMPLAINT OF KONICA MINOLTA, INC.**<br><br>Complaint Filed: February 25, 2015<br>Transferred to Central District: December 22, 2015 |

Defendant ICRCO, INC., ("Defendant" and/or "ICRCO") by and through it undersigned attorneys, responds to the Complaint filed by Plaintiff KONICA MINOLTA, INC. ("Plaintiff" and/or "KMI") as set forth herein, where paragraph numbers and headings correspond to the same numbers and headings in the Complaint.

///
///
///

## JURISDICTION AND VENUE

1. ICRCO admits that the Complaint contains allegations of trademark infringement under the Lanham Act, 15 U.S.C. §§1051 et seq. ICRCO denies that venue was proper where the Complaint was filed but rather admits venue is proper as now transferred to this Court.

## THE PARTIES

2. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

3. ICRCO admits that it is a California corporation with a previous address in Torrance, California, that it sells products in the U.S and does business in this district. ICRCO denies the remaining clause in this paragraph.

## KONICA MINOLTA AND ITS AERODR MARK

4. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

5. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

6. ICRCO admits ICRCO has a place of business at 2580 West 237th Street, Torrance, CA 90505. ICRCO denies any other allegations in this paragraph.

7. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

8. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

9. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## ICRCO AND ITS USE OF AIRDR AND AIRDRC

10. ICRCO admits the allegations in this paragraph.

11. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

12. ICRCO admits the allegations in this paragraph.

13. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## KONICA MINOLTA's CONTACTS WITH ICRCO

14. ICRCO admits the allegations in this paragraph.

15. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

16. ICRCO denies the truth of the allegations in this paragraph.

17. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

18. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

19. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## COUNT 1 – FEDERAL TRADEMARK INFRINGEMENT

20. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

21. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

22. ICRCO denies the truth of the allegations in this paragraph.

23. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

24. ICRCO denies the truth of the allegations in this paragraph and therefore denies the same.

25. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## COUNT II – FEDERAL UNFIAR COMPETITION

26. ICRCO lacks knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph and therefore denies the same.

27. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same

28. ICRCO denies the truth of the allegations in this paragraph and therefore denies the same.

29. ICRCO denies the truth of the allegations in this paragraph and therefore denies the same.

30. ICRCO denies the truth of the allegations in this paragraph and therefore denies the same.

31. ICRCO denies the truth of the allegations in this paragraph and therefore denies the same.

**COUNT III – STATE OF NEW JERSEY FALSE DESIGNATION OF ORIGIN**

32. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

33. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

34. ICRCO denies the truth of the allegations in this paragraph and therefore denies the same.

35. ICRCO denies the truth of the allegations in this paragraph and therefore denies the same.

36. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

**COUNT IV – STATE OF NEW JERSEY OF UNFAIR COMPETITION**

37. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

38. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

39. ICRCO denies the truth of the allegations in this paragraph and therefore

ANSWER AND COUNTERCLAIMS OF ICRCO, INC.

denies the same.

40. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## COUNT V – STATE OF NEW JERSEY COMMON LAW UNFAIR COMPETITION

41. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

42. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

43. ICRCO denies the truth of the allegations in this paragraph and therefore denies the same

44. ICRCO denies the truth of the allegations in this paragraph and therefore denies the same.

45. ICRCO lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies the same.

## PRAYER FOR RELIEF

ICRCO is not required to respond to the prayer for relief in the Complaint. Nonetheless, to the extent that the paragraphs of the Complaint in that section may be deemed to allege any fact or legal entitlement to the relief requested, ICRCO denies each and every such allegation and specifically denies that KMI is entitled to the relief requested, or any relief.

ICRCO denies all allegations in the complaint not expressly admitted above.

///

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging what must be alleged by way of affirmative defenses or that Defendant bears the burden of proof as to any of the defenses set forth herein, Defendant alleges the following as additional or affirmative defenses to the Complaint and relief sought therein.

### FIRST AFFIRMATIVE DEFENSE
(Non-Infringement)

1. KMI's claims are barred in whole or in part because Defendants have not infringed the asserted trademark.

### SECOND AFFIRMATIVE DEFENSE
(Invalidity/Unenforceability)

2. Upon information and belief, the asserted trademark is invalid and/or unenforceable for failing to comply with the requirements, conditions and provisions set forth in the trademark laws of the United States and or/other provision of Title 35 of the United States Code.

### THIRD AFFIRMATIVE DEFENSE
(Estoppel)

3. Plaintiff's claims are barred by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE
(Failure to Estoppel)

4. If KMI suffered any injury or damages as alleged in its claims, such injury or damages was caused, in whole or in part, by the intentional acts, or omissions, recklessness, carelessness, or negligence of KMI, and KMI's damages, if any, against Defendant should be reduced accordingly.

### FIFTH AFFIRMATIVE DEFENSE
(Permission)

5. KMI's claims are barred in whole, or in part, because KMI acquiesced to ICRCO's use of the asserted trademark.

### SIXTH AFFIRMATIVE DEFENSE
(Unclean Hands)

6. KMI's claims are barred in whole, or in part, under the doctrine of unclean hands.

///

SEVENTH AFFIRMATIVE DEFENSE

(Generic Mark)

7. KMI's claims are barred in whole, or in part, because the asserted trademark is generic.

EIGHTH AFFIRMATIVE DEFENSE

(No Damage)

8. KMI's claims are barred in whole, or in part, on the ground that KMI has not been sufficiently damaged to obtain the any requested relief.

NINTH AFFIRMATIVE DEFENSE

(Failure to State a Claim)

9. The Complaint fails to state any cause of action upon which relief may be granted.

TENTH AFFIRMATIVE DEFENSE

(Abandonment)

10. KMI's claims are barred in whole, or in part because KMI has abandoned the trademark being asserted against Defendant.

FURTHER ADDITIONAL DEFENSES

In addition to the defenses set forth above, ICRCO reserves the right to raise, assert, rely on, or add any new or additional defenses under Rule 8© of the Federal Rules of Civil Procedure, the laws of the United States, the laws of any other governing jurisdiction that may exist or in the future be applicable based on discovery and further factual investigation in this Action, sand reserves the right to amend and supplement is Answer and Affirmative Defenses after further discovery.

**COUNTERCLAIMS**

Defendant and Counterclaimant ICRCO asserts the following counterclaims against Plaintiff Konica Minolta, Inc. ('KMI") and alleges as follows:

**NATURE OF THE ACTION**

1. This action arises and is brought under the Declaratory Judgement Act, 28

U.S.C. §§2201-2202 and the trademark laws of the United States, 15 U.S.C. §1501, et seq. and seeks a declaration that Counterclaimant does not infringe KMI's asserted trademark under either 15 U.S.C. §1114 or §1125(a). Additionally, Counterclaimant seeks a declaration that the asserted trademark be declared invalid and ordered cancelled pursuant to 15 U.S.C. §1119.

## THE PARTIES

2. ICRCO is a California corporation with its principal place of business at 26 Coromar Drive, Goleta, CA 93117.

3. Upon information and belief, Plaintiff and counterclaim defendant Konica Minolta, Inc. is a Japanese corporation having a principal place at 2-7-2, Marunouchi, Chiyoda-Ku, Tokyo, Japan.

4. Upon information and belief, KMI is the assignee of, owns all rights, title and interest in, and has standing to sue for infringement of U.S. Registration No. 4,086,414, for "AERODR," registered on January 17, 2012 (the "AERODR Mark").

## JURISDICTON AND VENUE

5. This Court has subject matter jurisdiction over ICRCO's counterclaims pursuant to 28 U.S. C. §§ 1331, 1338, 2201-2202 and 15 U.S.C. §1121.

6. KMI has submitted to the personal jurisdiction of this Court by the filing of its Complaint in this action, though its participation in this action and through its sale of products in this jurisdiction and venue.

7. Venue is proper in this district under 28 U.S.C. §§ 1391.

GENERAL ALLEGATIONS

8. KMI's Complaint alleges that Counterclaimant ICRCO infringes KMI's registered US Trademark pursuant to 15 U.S.C. §§1114 and 1125(a).

9. Defendant and Counterclaimant ICRCO denies any alleged infringement of the asserted mark by virtue of its Answer and Counterclaims.

10. On information and belief, numerous third parties throughout the United States utilize the word AERO to advertise and promote respective products and services

and many have used such word and marks well prior to any such use by KMI.

11. On information and belief, KMI has not contested the use of the word "aero" by third party users, which produce products and services that could be confusing to those of KMI.

12. On information and belief, third parties have used the work "AERO" as a generic term and the public associates such word, in combination with any other word, as a generic term associated with aeronautics, aerodynamics and airplanes and does not associate the word with any particular source of products from KMI.

## FIRST COUNTERCLAIM
### (Declaration of Non-infringement)

13. ICRCO repeats and realleges each and every allegation contained in paragraphs 1-12 of these Counterclaims, which are incorporated by reference as if fully set forth herein.

14. KMI has accused ICRCO of trademark infringement pursuant to 15 U.S.C §1114 and §1125(a).

15. ICRCO denies KMI's allegations of trademark infringement as contained in its Answer and Counterclaims.

16. KMI's allegation of infringement pose a threat to ICRCO's business and have and will continue to harm ICRCO until such claims are resolved.

17. Based on the foregoing, an actual controversy and dispute exists between KMI on the one hand, and ICRCO on the other hand, as to whether ICRCO had infringed and continues to infringe the alleged trademark of KMI.

18. ICRCO does not have an adequate remedy at law and therefore seeks declaratory judgement pursuant to 28 U.S.C. §§2201-2202 that ICRCO has not infringed the asserted trademark of KMI

19. A declaration as to whether ICRCO has infringed the asserted trademark of KMI is necessary at this time to resolve the actual controversy and dispute.

20. ICRCO is entitled to a declaration that it has not infringed and does not

infringe any claims of the '416 Patent.

21. ICRCO additionally seeks any further relief deemed appropriate by this Court pursuant to 28 U.S.C. §2202.

## SECOND COUNTERCLAIM

**(Declaration of Trademark Invalidity and Cancellation)**

22. ICRCO repeats and realleges each and every allegation contained in paragraphs 1-21 of these Counterclaims, which are incorporated herein by reference as if fully set forth herein.

23. This is a counterclaim for a declaration of invalidity of the asserted KMI trademark registration.

24. Pursuant to 15 U.S.C. §§1064 and 1119, KMI's asserted trademark is invalid and should be cancelled because it is generic and/or because KMI has abandoned its rights in the asserted trademarks based on its failure to police other's use of the same and/or because of prior existing uses of the alleged mark.

25. KMI allegations of trademark infringement against ICRCO indicate KMI's belief in the enforceability and validity of the asserted trademark.

26. KMI's allegation of infringement pose a threat to ICRCO's business and have and will continue to harm ICRCO until such claims are resolved.

27. Based on the foregoing, an actual controversy and dispute exists between KMI on the one hand, and ICRCO on the other hand, as to whether ICRCO had infringed and continues to infringe the alleged trademark of KMI.

28. ICRCO does not have an adequate remedy at law and therefore seeks declaratory judgement pursuant to 28 U.S.C. §§2201-2202 and U.S.C. §§1064 and 1119 that KMI's asserted trademark is invalid and cancellation of that mark.

29. ICRCO additionally seeks any further relief deemed appropriate by this Court pursuant to 28 U.S.C. §2202

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant ICRCO requests judgment in its

favor and against Plaintiffs and Counterclaim defendant Konica Minolta, Inc. on the Complaint and Counterclaims as follows:

    A.    That Plaintiff take nothing by their Complaint;

    B.    That the Court declare and adjudicate a declaration of non-infringement with respect to Konica Minolta. Inc.'s asserted trademark;

    C.    That the Court declare and adjudicate that Konica Minolta's trademark is invalid and cancellation of the same;

    D.    An award of Defendant's costs of suit, attorney's fees, and expenses in defending against the Complaint; and

    H.    For such other and further relief as the Court deems just and proper.

## DEMAN FOR JURY TRIAL

Pursuant to Rule 38, Defendant and Counterclaimant ICRCO hereby demands trial by jury of all issues so triable, whether presented by Plaintiff's claims against Defendant or Defendant and Counterclaimant's claims against Defendant, or otherwise.

DATE: April 11, 2016                        ROWLETT LAW FIRM

                                        By    <u>/s/Robert Rowlett</u>
                                                ROBERT ROWLETT
                                                Attorneys for Defendant & Counterclaimant ICRCO, INC.

ANSWER AND COUNTERCLAIMS OF ICRCO, INC.